UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

```
FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2013 MAY 14 PM 4: 48
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REGINALD T. WALTON, | ) | CAUSE NO. 1:13-cr-    -01 |
| AARON REED, | ) | -02 |
| DAVID JOHNSON, | ) | -03 |
| JOHN HAWKINS, and | ) | -04 |
| RANDALL K. SARGENT, | ) | -05 |
| | ) | |
| Defendants, | ) | |

**1 : 13 -cr- 0 1 0 4 WTL -DKL**

## INDICTMENT

## GENERAL ALLEGATIONS

At all times relevant to this indictment:

**A.     Indianapolis Land Bank**

1.     The Indianapolis Land Bank ("Land Bank") is an agency within the City of Indianapolis' Department of Metropolitan Development ("DMD").

2.     Indiana law authorizes the Land Bank to acquire abandoned and tax delinquent properties in the City of Indianapolis, temporarily hold and maintain them, and make them available for sale to non-profit and for-profit real estate developers.  The stated mission of the Land Bank is to enable the city to "return troubled properties to productive and economically viable use, eliminate public safety hot spots and improve the quality of life in Indianapolis neighborhoods and then turn these properties into tax producing properties."

3.     For-profit investors interested in purchasing real estate from the Land Bank must ask the city treasurer to include the property in a sealed-bid auction.  The auction price paid by for-profit investors must meet or exceed a minimum bid set by an appraisal.  Non-profit

1

purchasers, however, may bypass the auction process. Non-profit businesses may purchase real estate for a price between $1,000 and $2,500 per parcel, regardless of the appraised value of the property. The Land Bank regulations provide that a non-profit purchaser may purchase only three parcels within a six-month period, unless the purchaser has demonstrated the capacity to successfully acquire and simultaneously renovate multiple properties.

4. The City of Indianapolis was a local government that received federal assistance in excess of $10,000 during the one-year period beginning on January 1, 2013 and ending on December 31, 2013.

**B.  The Defendants**

1. WALTON was the Assistant Administrator of the DMD. In this capacity, WALTON was an agent of the City of Indianapolis, whose duties included overseeing the operation of the Land Bank. WALTON is also a silent partner in a domestic for-profit corporation operating in the City of Indianapolis known as the Naptown Housing Group, LLC ("Naptown Housing Group").

2. REED is the registered agent for the Naptown Housing Group.

3. JOHNSON is the Executive Director of the Indianapolis Minority AIDS Coalition ("IMAC"), a non-profit business operating in the City of Indianapolis.

4. HAWKINS is the Senior Project Manager for the DMD.

5. SARGENT is the President, Vice-President, Secretary, and registered agent of New Day Residential Development, Inc., a non-profit corporation operating in the City of Indianapolis.

**C.  The Undercover Agent**

1.      An undercover FBI agent ("Individual #1") posed as an individual wanting to purchase real estate from the Land Bank.  Individual #1 paid a bribe to WALTON in exchange for favorable official action from WALTON.

These General Allegations are hereby incorporated by reference into Counts One through Eight of this Indictment as if they were set forth in full therein.

## COUNTS ONE THROUGH THREE
## (Wire Fraud – 18 U.S.C. §§ 1343, 1346, and 2)

The Grand Jury charges that:

From on or about January 13, 2012 through May 14, 2013, in the Southern District of Indiana, Indianapolis Division, and elsewhere, REGINALD T. WALTON, AARON REED, DAVID JOHNSON, JOHN HAWKINS, and RANDALL SARGENT, and others known and unknown to the grand jury, devised and intended to devise a scheme and artifice to defraud and deprive the citizens of the City of Indianapolis and the government of the City of Indianapolis of their right to the honest and faithful services of REGINALD T. WALTON and JOHN HAWKINS through bribery and kickbacks.

### Purpose of the Scheme and Artifice to Defraud

The purpose of the scheme and artifice was for REGINALD T. WALTON ("WALTON") and JOHN HAWKINS ("HAWKINS") to use their official positions to enrich themselves by soliciting and accepting gifts, payments, and other things of value from AARON REED ("REED"), DAVID JOHNSON ("JOHNSON"), and RANDALL SARGENT ("SARGENT") in exchange for favorable official action and for REED, JOHNSON, and SARGENT to enrich themselves by secretly obtaining favorable action for themselves and their companies from WALTON and HAWKINS by corrupt means.

3

**The Scheme and Artifice to Defraud**

1. It was part of the scheme and artifice to defraud that WALTON accepted bribes and kickbacks from REED, SARGENT, and an undercover FBI agent to transfer real estate held by the Land Bank in violation of Indiana law. Specifically, WALTON used his official position to cause the DMD to transfer real estate held by the Land Bank to non-profit businesses. After receiving the subject real estate, the non-profit businesses transferred the subject real estate to for-profit businesses. The use of non-profit businesses as pass-through entities permitted the for-profit businesses to bypass the sealed bid auction process and obtain the subject real estate for substantially less than fair market value.

2. It was a further part of the scheme and artifice to defraud that HAWKINS used his official position to cause the DMD to transfer real estate held by the Land Bank to non-profit, pass-through entities at WALTON's direction. After the non-profit entities sold the real estate to the end purchaser, WALTON received a kickback from the sale of the real estate and delivered a portion of his kickback to HAWKINS for HAWKINS' misuse of his official position in facilitating the transaction.

3. It was a further part of the scheme and artifice to defraud that REED solicited for-profit investors to obtain real estate held by the Land Bank. After REED's investors obtained the real estate from the Land Bank through a pass-through non-profit entity, REED obtained his profits from the transaction and paid WALTON a kickback from the transaction for having misused his official position to facilitate the transaction.

4. It was a further part of the scheme and artifice to defraud that REED and WALTON maintained a silent partnership whereby they would divide the profits from the

operations of Naptown Housing Group. WALTON concealed his involvement in Naptown Housing Group from the City of Indianapolis and the public.

5. It was a further part of the scheme and artifice to defraud that WALTON used his official position to cause the DMD to transfer real estate held by the Land Bank to non-profit businesses, with the agreement that the non-profit businesses would transfer the real estate to Naptown Housing Group. WALTON and REED, operating under the Naptown Housing Group, maintained this real estate as either rental properties or for resale.

6. It was a further part of the scheme and artifice to defraud that JOHNSON used IMAC as a non-profit, pass-through entity to permit for-profit investors to obtain real estate from the Land Bank in contravention of the required procedures for obtaining real estate from the Land Bank and accepted money from REED and WALTON for the improper use of his non-profit entity in this matter. JOHNSON also delivered money to REED to pay kickbacks to WALTON for WALTON's corrupt use of his official position.

7. It was a further part of the scheme and artifice to defraud that SARGENT solicited for-profit investors to obtain properties held by the Land Bank. SARGENT used New Day Residential Development, Inc. as a pass-through entity to obtain real estate from the Land Bank and convey the real estate to his for-profit investors in contravention of the required procedures for obtaining real estate from the Land Bank. After SARGENT's investors obtained the real estate from the Land Bank through this pass-through non-profit entity, SARGENT paid a portion of his profits from the transaction to WALTON a kickback for having misused his official position to facilitate the transaction.

**Execution of the Scheme and Artifice to Defraud**

On or about the dates listed below, in the Southern District of Indiana and elsewhere, WALTON, REED, JOHNSON, HAWKINS, and SARGENT, for the purpose of executing the scheme and artifice to defraud, transmitted or caused to be transmitted by means or wire communication in interstate commerce, the following writings, signals, or sounds:

Count One

On or about October 21, 2012, WALTON transmitted an e-mail to an undercover FBI agent ("Individual #1") that contained a color-coded list of properties that Individual #1 could purchase from the Land Bank through the scheme and artifice to defraud. WALTON was in the State of Indiana when he sent the e-mail and Individual #1 was in the State of New York when he received the e-mail.

Count Two

On or about April 3, 2013, WALTON and HAWKINS communicated via the text messaging features of their cellular telephones regarding HAWKINS' appearance before the DMD to obtain authority to the transfer of real estate located at 541 Eugene Street, Indianapolis, Indiana from the DMD to IMAC through the scheme and artifice to defraud. HAWKINS was in the State of Indiana and WALTON was in the State of Florida at the time of the text messaging activity.

Count Three

On or about April 3, 2013, WALTON and REED conversed via cellular telephone about WALTON using his public authority to transfer real estate located at 2826 Adams Street, Indianapolis, Indiana from the DMD to IMAC through the scheme and artifice to defraud and about JOHNSON's involvement in the transfer of the real estate to IMAC. REED was in the

State of Indiana and WALTON was in the State of Florida at the time of the cellular telephone conversations.

All in violation of Title 18, United States Code, Sections 1343, 1346, and 2.

## COUNT FOUR
### (Bribery Concerning Organization Receiving Federal Funds – 18 U.S.C. § 666(a)(1)(B)

The Grand Jury further charges that:

On or about January 10, 2013, in the Southern District of Indiana, Indianapolis Division, REGINALD T. WALTON did corruptly accept a thing of value from a person, intending to be influenced and rewarded in connection with a transaction or series of transactions of the City of Indianapolis involving $5,000 or more; to-wit, WALTON accepted $500 in currency from an undercover FBI agent ("Individual #1") to influence and reward WALTON'S use of his official position to cause the transfer of at least ten parcels of real estate from the City of Indianapolis to Individual #1 for $1,000 each.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT FIVE
### (Bribery Concerning Organization Receiving Federal Funds – 18 U.S.C. § 666(a)(2)

The Grand Jury further charges that:

On or about April 5, 2013, in the Southern District of Indiana, Indianapolis Division, AARON REED did corruptly give a thing of value to a person, intending to influence and reward an agent of local government, that is, the City of Indianapolis, in connection with a transaction or series of transactions of the City of Indianapolis involving $5,000 or more; to-wit, REED paid approximately $7,500 in currency to Reginald T. Walton to influence and reward Walton's use

of his official position to cause the transfer of real estate located at 3959 Carrollton Avenue, Indianapolis, Indiana, from the City of Indianapolis to IMAC and then to a for-profit entity which paid approximately $17,500 for the real estate.

All in violation of Title 18, United States Code, Section 666(a)(2).

## COUNT SIX
## (Bribery Concerning Organization Receiving Federal Funds – 18 U.S.C. § 666(a)(1)(B)

The Grand Jury further charges that:

On or about April 5, 2013, in the Southern District of Indiana, Indianapolis Division, REGINALD T. WALTON did corruptly accept a thing of value from a person, intending to be influenced and rewarded in connection with a transaction or series of transactions of the City of Indianapolis involving $5,000 or more; to-wit, WALTON accepted approximately $7,500 in currency from Aaron Reed to influence and reward WALTON'S use of his official position to cause the transfer of real estate located at 3959 Carrollton Avenue, Indianapolis, Indiana, from the City of Indianapolis to IMAC and then to a for-profit entity which paid approximately $17,500 for the real estate.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT SEVEN
## (Bribery Concerning Organization Receiving Federal Funds – 18 U.S.C. § 666(a)(2)

The Grand Jury further charges that:

On or about March 27, 2013, in the Southern District of Indiana, Indianapolis Division, RANDALL K. SARGENT did corruptly give a thing of value to a person, intending to influence and reward an agent of local government, that is, the City of Indianapolis, in connection with a

transaction or series of transactions of the City of Indianapolis involving $5,000 or more; to-wit, SARGENT paid an unknown amount of money to Reginald T. Walton to influence and reward Walton's use of his official position to cause the transfer of the following real estate from the City of Indianapolis to New Day Residential Development, Inc. for approximately $12,500:  (1) 619 Eastern Avenue, Indianapolis, Indiana; (2) 623 Eastern Avenue, Indianapolis, Indiana; (3) 951 Eastern Avenue, Indianapolis, Indiana; (4) 820 North Rural Street, Indianapolis, Indiana; and (5) 2722 Boulevard Place, Indianapolis, Indiana.

All in violation of Title 18, United States Code, Section 666(a)(2).

## COUNT EIGHT
### (Bribery Concerning Organization Receiving Federal Funds – 18 U.S.C. § 666(a)(1)(B)

The Grand Jury further charges that:

On or about March 27, 2013, in the Southern District of Indiana, Indianapolis Division, REGINALD T. WALTON did corruptly accept a thing of value from a person, intending to be influenced and rewarded in connection with a transaction or series of transactions of the City of Indianapolis involving $5,000 or more; to-wit, WALTON accepted an unknown amount of money from Randall K. Sargent to influence and reward WALTON'S use of his official position to cause the transfer of the following real estate from the City of Indianapolis to New Day Residential Development, Inc. for approximately $12,500:  (1) 619 Eastern Avenue, Indianapolis, Indiana; (2) 623 Eastern Avenue, Indianapolis, Indiana; (3) 951 Eastern Avenue, Indianapolis, Indiana; (4) 820 North Rural Street, Indianapolis, Indiana; and (5) 2722 Boulevard Place, Indianapolis, Indiana.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## FORFEITURE ALLEGATION – COUNT ONE

Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby notifies REGINALD T. WALTON that it will seek forfeiture of property pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1956(c)(7)(A), 1956(c)(7)(D), 1961(1), and Title 28, United States Code, Section 2461(c), as part of any sentence imposed.

If convicted of any of the offenses set forth in the Information, defendant REGINALD T. WALTON shall forfeit to the United States:

> (a) any property, real or personal, constituting or derived from proceeds the defendants obtained directly or indirectly as the result of the offenses of which they are convicted (including, but not limited to, a 2005 BMW 45I sedan, bearing Vehicle Identification Number WBAGL63575DP4761 and a 1982 Yamaha motorcycle, bearing Vehicle Identification Number JYA4X7006CA209873; or

> (b) a sum of money equal to the total amount of the proceeds of the offenses.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the Court shall order the forfeiture of any other property of the defendants, up to the value of any property described in paragraph 74, if, by any act or omission of the defendants, the property described in paragraph 74, or any portion thereof:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third person;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value;
>
> (e) or has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of all forfeitable property as described herein.

## FORFEITURE ALLEGATION – COUNT TWO

Pursuant to Federal Rule of Criminal Procedure 32.2, the United States hereby notifies DAVID JOHNSON that it will seek forfeiture of property pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1956(c)(7)(A), 1956(c)(7)(D), 1961(1), and Title 28, United States Code, Section 2461(c), as part of any sentence imposed.

If convicted of any of the offenses set forth in the Information, defendant DAVID JOHNSON shall forfeit to the United States:

> (a) any property, real or personal, constituting or derived from proceeds the defendants obtained directly or indirectly as the result of the offenses of which they are convicted (including, but not limited to, a 2004 Volvo sedan bearing Vehicle Identification Number YV1RH52Y142413954; or
>
> (b) a sum of money equal to the total amount of the proceeds of the offenses.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the Court shall order the forfeiture of any other property of the defendants, up to the value of any property described in paragraph 74, if, by any act or omission of the defendants, the property described in paragraph 74, or any portion thereof:

> (f) cannot be located upon the exercise of due diligence;
>
> (g) has been transferred or sold to, or deposited with, a third person;
>
> (h) has been placed beyond the jurisdiction of the Court;
>
> (i) has been substantially diminished in value;
>
> (j) or has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of all forfeitable property as described herein.

A TRUE BILL:

███████████████
FOREPERSON

JOSEPH H. HOGSETT
United States Attorney

By: _____
Bradley A. Blackington
Assistant United States Attorney